# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-436V
Filed: September 29, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CARL L. ANDERSON, | |
| Petitioner, | |
| v. | |
| | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence R. Cohan,* Anapol Weiss, Philadelphia, PA, for petitioner.
*Lara A. Englund,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 6, 2016, Carl L. Anderson ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that the influenza ("flu") vaccine he received on or about October 9, 2013, caused him to develop Guillain-Barré Syndrome ("GBS"). Petition at 1. On September 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 17).

On September 7, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of **$29,430.00** and attorneys' costs in the amount of **$1,307.72** for a total amount of **$30,737.72**. Attachment to Motion, filed

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Sept. 7, 2016, at ¶ 5 (ECF 21).  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.*

On September 8, 2016, respondent filed a response to petitioner's motion.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Respondent's Response at 1 (ECF No. 22).  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2 (citation omitted).  "Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $18,000.00 to $21,000.00."  *Id.* at 3 (citing specific cases).

On September 9, 2016, petitioner filed a reply.  Petitioner argues that respondent has provided "no precise objection to any of the billing entries, billing rates, or hours expended."  Petitioner's Reply ("Reply") at 3 (ECF No. 23).  Petitioner adds that respondent's "only fact specific argument" is that, based on her experience, the fees and costs paid in this case should be between $18,000 and $21,000.  *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of $725.00 for preparing the reply.[3]  Petitioner states that the reply brief is not "identical to its previously [filed] Replies to other Responses" because respondent cited to three cases that formed the basis of her survey and which had to be researched and the reply brief modified.  *Id.* at 8.  Petitioner states that the amount requested "takes into consideration that part of Respondent's Response has previously been addressed by Petitioner's counsel in other cases."  *Id.*  The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, $725.00.  Thus, the total amount awarded for attorneys' fees and costs is $**31,462.72**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] Reply at 8.  The requested $725.00 represents an additional 2.5 hours of work at Attorney David J. Carney's rate of $290.  *See id.* at 8 n.2 (for a description of the work performed).

**Accordingly, the undersigned awards the total of $31,462.72[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.